UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| KWAUHURU GOVAN,<br><br>                Plaintiff,<br><br>v.<br><br>THE STATE OF NEW YORK,<br><br>                Defendant. | **MEMORANDUM & ORDER**<br>24-cv-08314 (HG) (JAM) |

**HECTOR GONZALEZ**, United States District Judge:

*Pro se* Plaintiff Kwauhuru Govan, who is currently incarcerated at Five Points Correctional Facility, filed this action on April 17, 2024, in the United States District Court for the Western District of New York, against Defendant the State of New York alleging false arrest under 42 U.S.C § 1983. ECF No. 1 (Complaint). The Western District of New York transferred the action to this Court on December 3, 2024. ECF No. 9 (Transfer Order). The Court grants Plaintiff's request to proceed *in forma pauperis* ("IFP"), *see* ECF No. 5 (IFP Motion), pursuant to 28 U.S.C. § 1915. However, for the reasons discussed below, Plaintiff's Complaint is dismissed. Plaintiff may, however, submit an amended complaint that addresses the issues raised in this Order on or before February 7, 2025.

## LEGAL STANDARD

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).[1] "A claim is plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d

---

[1] Unless otherwise indicated, when quoting cases, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted.

Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.  A *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that, even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally").

Nonetheless, under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A.  Upon review, a district court shall dismiss a prisoner's complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." *Id.*; *Liner v. Goord*, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (under the PLRA, sua sponte dismissal of frivolous prisoner complaints is not only permitted but mandatory).

## DISCUSSION

The allegations in Plaintiff's Complaint are sparse.  *See generally* ECF No. 1.  Plaintiff alleges that he was falsely arrested in September 2017, and indicted under an indictment numbered 87-2017.  ECF No. 1 at 5;[2] ECF No. 1-3.  According to Plaintiff, the charges against him were "dro[p]ped" on May 25, 2023.  ECF No. 1-3.  Plaintiff states that he is asserting his claim pursuant to 42 U.S.C. § 1983 ("Section 1983"), and seeks monetary damages.  ECF No. 1 at 4–5.  Section 1983 provides, in relevant part, that: "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or

---

[2]   The Court refers to the pages assigned by the Electronic Case Files system ("ECF").

immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983.  Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes."  *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *see also Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010).  To state a claim under Section 1983, a plaintiff must allege two essential elements:  "(1) that the defendants deprived him of a right secured by the Constitution or laws of the United States; and (2) that they did so under color of state law."  *Giordano v. City of New York*, 274 F.3d 740, 750 (2d Cir. 2001).

### I.  The Eleventh Amendment

As an initial matter, Plaintiff may not bring claims against the State of New York because, "as a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ."  *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009).  "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state."  *Id.*  New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983.  *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977); *Slade v. U.S.*, No. 24-cv-3816, 2024 WL 3797383, at *2 (S.D.N.Y. Aug. 6, 2024) (citing *Trotman*).  Accordingly, Plaintiff's claim against the State of New York must be dismissed on sovereign immunity grounds.

### II.  Time Bar

Furthermore, for Plaintiff's benefit, the Court notes that Plaintiff's false arrest claim appears to be time-barred.  Section 1983 actions filed in New York are subject to a three-year statute of limitations.  *Steinbergin v. City of New York*, No. 21-cv-536, 2022 WL 1231709, at *2

(2d Cir. Apr. 27, 2022) ("For claims arising in New York [brought under Section 1983], the statute of limitations is three years."); *Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013) ("Section 1983 actions filed in New York are [] subject to a three-year statute of limitations."). "[T]he statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." *Wallace v. Kato*, 549 U.S. 384, 397 (2007); *Watt v. City of New York*, No. 22-cv-6841, 2024 WL 3338267, at *8 (E.D.N.Y. July 9, 2024) (holding that plaintiff's false arrest claim began to run at the time of his arraignment when he began to be held pursuant to legal process).

Plaintiff filed the instant action on April 17, 2024, more than six years after his arrest in September of 2017, and thus, his claim for false arrest is likely time-barred. Although New York allows for equitable tolling, it is "applied only in 'rare and exceptional circumstances,' where a party was prevented from timely performing a required act and where that party 'acted with reasonable diligence throughout the period he sought to toll.'" *Jones v. City of New York*, 846 F. App'x 22, 24 (2d Cir. 2021) (quoting *Walker v. Jastremski*, 430 F.3d 560, 564 (2d Cir. 2005); *Ovalle v. Suffolk Cnty.*, No. 21-cv-5371, 2024 WL 3986720, at *4 (E.D.N.Y. Aug. 29, 2024) ("To qualify for equitable tolling, the plaintiff must establish that extraordinary circumstances prevented him from filing his claim on time, and that he acted with reasonable diligence throughout the period he seeks to toll."). Here, where Plaintiff filed his claim well-beyond the three-year statute of limitations period and has not alleged a basis for equitable tolling of the limitations period, his claims must be dismissed. *See, e.g.*, *Bailey v. Grant*, No. 24-cv-6044, 2024 WL 4836340, at *1 (E.D.N.Y. Nov. 20, 2024) (dismissing plaintiff's complaint as time-barred where he filed his claim for false arrest beyond the three-year statute of limitations and failed to allege a basis for equitable tolling).

### III. Leave to Amend

Although the Court has dismissed Plaintiff's Complaint, Plaintiff may have until February 7, 2025, to submit an amended complaint regarding his false arrest claim. Should Plaintiff elect to file an amended complaint, it must: (i) state the crime for which he was arrested and provide the date of his arrest, the Kings County criminal case number, and the date that the charges were allegedly dismissed; (ii) name as defendant(s) in the caption and the "Statement of Claim" those individuals who were allegedly involved in the deprivation of his federal rights; (iii) state facts that support Plaintiff's case, including what each newly-named defendant did or failed to do, and describe how each newly-named defendant's acts or omissions violated Plaintiff's constitutional or statutory rights; and (iv) state whether Plaintiff is alleging a basis for equitable tolling of the limitations period, and, if so, what that basis is.

Plaintiff is informed that any amended complaint will completely replace, not supplement, the original complaint. The amended complaint must be captioned as an "Amended Complaint" and bear the same docket number as this Order. Plaintiff should annex to his Complaint any documentation that he may have to support his allegations that the charges filed after his arrest were dismissed.

### CONCLUSION

For the foregoing reasons, Plaintiff's complaint, filed IFP, is dismissed as barred by the Eleventh Amendment. *See* 28 U.S.C. § 1915A; Fed. R. Civ. P. 12(h)(3). The Court grants Plaintiff leave to file an amended complaint on or before February 7, 2025. Any amended complaint he elects to file must be captioned "Amended Complaint" and bear the same docket

number as this Order. If Plaintiff does not file an amended complaint on or before February 7, 2025, the Court will direct the Clerk of Court to issue judgment and close this case.

The Clerk of Court is respectfully directed to update the docket to reflect that Plaintiff is now incarcerated at Five Points Correctional Facility, with mailing address 6600 State Route 96 Caller Box 119, Attn: Inmate # 18A3511, Romulus, NY 14541, to mail a copy of this Order to Plaintiff at Five Points Correctional Facility, and to note the mailing on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and, therefore, in forma pauperis status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

    */s/ Hector Gonzalez*
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
       January 8, 2025