UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

KWAUHURU GOVAN,

                Plaintiff,

      v.

THE STATE OF NEW YORK,

                Defendant.

**MEMORANDUM & ORDER**
24-cv-08314 (HG) (JAM)

**HECTOR GONZALEZ**, United States District Judge:

By Order dated January 8, 2025, I granted *pro se* Plaintiff Kwauhuru Govan's request to proceed *in forma pauperis* ("IFP"), pursuant to 28 U.S.C. § 1915, and dismissed his complaint as barred by the Eleventh Amendment. *Govan v. New York*, No. 24-cv-8314, 2025 WL 50921 (E.D.N.Y. Jan. 8, 2025) ("*Govan I*"). I gave Plaintiff, who is currently incarcerated at Five Points Correctional Facility, leave to file an amended complaint that attempted to address the issues with his first complaint, and he did so on January 30, 2025. ECF No. 12 (Amended Complaint). For the reasons discussed herein, Plaintiff's Amended Complaint is dismissed.

**BACKGROUND**

Plaintiff's Amended Complaint names the State of New York as the sole Defendant. Plaintiff asserts claims for false arrest and use of excessive force under 42 U.S.C. § 1983 ("Section 1983") in connection with his January 16, 2017, arrest and subsequent indictment in Kings County. ECF No. 12 at 7, 10.[1] He alleges that "cold case detectives" arrested him "for the crime of Murder in the 2nd degree" and that they used excessive force in effectuating the arrest. *Id.* at 2, 7. He specifically claims that:

> Cold case detectives used x-ray camera equipment on me during my arrest that caused major health problems, and mental health

---

[1] The Court refers to the pages assigned by the Electronic Case Files system ("ECF").

> problems. Because of the over exposure of Radiation from the NYPD x-ray equipment, I am a level 1 s.v.y. I have holes in my head and muscle tissues, Dislocation of my joints and softing [sic] of my bones from to [sic] much Radiation.

*Id.* at 2. He further asserts that in 2019, a correctional officer at Elmira Correctional Facility, where he was previously incarcerated, assaulted him and stole all his property. *Id.* at 10. Plaintiff seeks monetary damages. *Id.*

## LEGAL STANDARD

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).[2] "A claim is plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. A *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that, even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally").

Nonetheless, under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A. Upon review, a district court shall dismiss a prisoner's complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune

---

[2] Unless otherwise indicated, when quoting cases, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted.

2

from such relief." *Id.*; *Liner v. Goord*, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (under the PLRA, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted but mandatory).

## DISCUSSION

Section 1983 provides, in relevant part, that: "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *see also Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010). To state a claim under Section 1983, a plaintiff must allege two essential elements: "(1) that the defendants deprived him of a right secured by the Constitution or laws of the United States; and (2) that they did so under color of state law." *Giordano v. City of New York*, 274 F.3d 740, 750 (2d Cir. 2001).

### I.     The Eleventh Amendment

In my prior Order, I dismissed Plaintiff's claims against the State of New York on Eleventh Amendment sovereign immunity grounds. *Govan I*, 2025 WL 50921, at *2. In granting Plaintiff leave to amend, I warned that any amended complaint needed to "name as defendant(s) . . . those individuals who were allegedly involved in the deprivation of his federal rights." *Id.* Plaintiff's Amended Complaint does not comply with my Order and once again names the State of New York as the sole Defendant. As I have already explained, "state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Id.* (citing *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009)). "New York

3

has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting [Section 1983]." *Id.* (citing *Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977)). Accordingly, Plaintiff's claim against the State of New York must once again be dismissed on sovereign immunity grounds.

## II. Time Bar

Even if Plaintiff had named a proper Defendant, his claims for false arrest and use of excessive force are time-barred. As I explained in my prior Order, Section 1983 actions filed in New York are subject to a three-year statute of limitations. *Id.* (citing *Steinbergin v. City of New York*, No. 21-cv-536, 2022 WL 1231709, at *2 (2d Cir. Apr. 27, 2022) and *Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013)).

"[T]he statute of limitations upon a [Section 1983] claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." *Wallace v. Kato*, 549 U.S. 384, 397 (2007); *Watt v. City of New York*, 740 F. Supp. 3d 212, 225 (E.D.N.Y. 2024) (holding that plaintiff's false arrest claim began to run at the time of his arraignment when he began to be held pursuant to legal process). Similarly, the three-year statute of limitations for excessive force claims accrues on the date that the alleged excessive force occurred. *Id.* at 226.

Plaintiff filed the instant action on April 17, 2024, more than six years after his arrest in September 2017 for second degree murder, and has not alleged a basis for equitable tolling of the statute of limitations period for either claim. *See, e.g.*, *Bailey v. Grant*, No. 24-cv-6044, 2024 WL 4836340, at *1 (E.D.N.Y. Nov. 20, 2024) (dismissing plaintiff's complaint as time-barred where he filed his claim for false arrest beyond the three-year statute of limitations and failed to allege a basis for equitable tolling). Further, with respect to his false arrest claim in particular, it

4

appears that Plaintiff was convicted for the crime underlying his false arrest claim, and a subsequent conviction generally bars an individual from bringing a Section 1983 false arrest claim.[3] *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996) ("If, following the arrest, the plaintiff was convicted of the charges against him, that conviction normally would be conclusive evidence of probable cause . . . if the conviction survives appeal."); *Corsini v. Brodsky*, 731 F. App'x 15, 18 (2d Cir. 2018) (holding that plaintiff's conviction "necessarily establishes probable cause for both that arrest and the ensuing prosecution"). Because Plaintiff was arrested in September 2017, the statute of limitations for both his excessive force and false arrest claims expired in 2020. Accordingly, even if he had named as defendants the officers who effectuated his arrest, Plaintiff's claims are time-barred.

### III.    Plaintiff's Allegations Regarding Elmira Correctional Facility

To the extent that Plaintiff seeks to assert a Section 1983 claim for events that occurred in 2019 while he was incarcerated at Elmira Correctional Facility, such claims are not clearly articulated in his Amended Complaint. Additionally, a civil action must be filed in the judicial district in which any defendant resides or where a substantial part of the events or omissions giving rise to the claim occurred. *See* 28 U.S.C. § 1391(b). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Elmira Correctional Facility is located in Chemung County, which is in the Western District of New York. *See* 28 U.S.C. § 112(d). I have considered whether to sever any potential claim related to events that occurred during Plaintiff's

---

[3]    The New York State Department of Corrections and Community Supervision website indicates that Plaintiff is currently incarcerated for the crimes of murder in the second degree—the crime he states formed the basis for his false arrest—and kidnapping in the first degree. He was sentenced to a term of imprisonment of twenty-five years to life. *See* https://nysdoccslookup.doccs.ny.gov/ (last visited February 3, 2025).

5

incarceration at Elmira Correctional Facility and transfer it to the Western District of New York. However, because any such claim has a three-year statute of limitations, it is likely time-barred. And, as already articulated, Plaintiff asserts his claims against only a Defendant, the State of New York, that has sovereign immunity. Accordingly, I find that it is not appropriate to sever and transfer any Section 1983 claim related to Plaintiff's time at Elmira Correctional Facility, and I instead dismiss any such claim pursuant to 28 U.S.C. § 1406(a), without prejudice to Plaintiff refiling the same claim in the appropriate district court.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's Amended Complaint, filed IFP, is dismissed as barred by the Eleventh Amendment. *See* 28 U.S.C. § 1915A; Fed. R. Civ. P. 12(h)(3). The Clerk of Court is respectfully directed to enter judgment dismissing this action and to close this case. The Clerk of Court is also respectfully directed to mail a copy of this Order to the *pro se* Plaintiff and to note the mailing on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and, therefore, IFP is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

                                                    */s/ Hector Gonzalez*
                                                    HECTOR GONZALEZ
                                                    United States District Judge

Dated: Brooklyn, New York
       February 3, 2025